# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

VIVIAN VANN,

    Petitioner,

v.                                    Case No. 4:17cv444-RH/CAS

UNITED STATES OF AMERICA,

    and

CRAIG E. COIL, Warden,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about September 28, 2017, Petitioner Vivian Vann, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On December 21, 2017, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 8. Petitioner has filed a reply. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under section 2241 and this petition should be dismissed.

## Background

In November 2011, in the United States District Court for the Southern District of Florida, Case No. 1:11-cr-20479, Petitioner Vivian Vann entered a guilty plea to three counts: (1) making a false statement on a passport application, in violation of 18 U.S.C. § 1542; (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and (3) social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B). ECF No. 1 at 2; *see* United States v. Vann, No. 1:11cr20479-PAS (S.D. Fla.), ECF No. 33 (Plea Agreement), ECF No. 43 (Judgment). The Government agreed to dismiss the remaining two counts. United States v. Vann, No. 1:11cr20479-PAS (S.D. Fla.), ECF No. 33 (Plea Agreement), ECF No. 43 (Judgment). On April 19, 2012, the district court adjudicated Vann guilty and sentenced her to 48 months in prison, followed by a term of 3 years on supervised release. *Id.* ECF No. 43 at 2-3. Vann appealed, *id.* ECF No. 44, and the Eleventh Circuit subsequently granted her voluntary motion to dismiss the appeal with prejudice, *id.* ECF No. 53.

After a hearing on December 3, 2015, the district court revoked Vann's supervised release and, in a judgment entered December 7, 2015, sentenced her to 21 months in prison with no supervised release to follow.

*Id.* ECF No. 70.   Vann did not appeal.

On June 20, 2017, Vann filed a "Motion to Reopen and Reconsider." *Id.* ECF No. 75 (also attached as Ex. 2 to Respondents' Motion to Dismiss). In this motion, Vann asked the sentencing court to vacate the remainder of her sentence as "[t]here was no evidence that would constitute a violation of [her] probation."   *Id.*   By order on July 13, 2017, the court denied the motion.   *Id.* ECF No. 77 (also attached as Ex. 3 to Respondents' Motion to Dismiss).   The court also explained that it "may only reconsider a sentence through a motion filed under 28 U.S.C. § 2255" and if Vann wishes, the court may recharacterize her motion as one filed pursuant to § 2255; however, the court warned that, if this is done, "any subsequent § 2255 motion will be subject to the restrictions on second or successive motions." *Id.*   The court also explained that generally "a defendant may only file one § 2255 motion and, therefore, it is essential that Vann set forth all of the grounds she wishes to assert."   *Id.*

Thereafter, on August 7, 2017, Vann filed a § 2255 motion.   *Id.* ECF No. 78 (also attached as Ex. 4 to Respondents' Motion to Dismiss).   She raised three grounds:   (1) ineffective assistance of counsel for not filing a timely notice of appeal; (2) court lacked subject matter jurisdiction to enter

the judgment; and (3) her guilty plea was involuntary as the result of ineffective assistance of counsel. *Id.* at 3-6. The magistrate judge recommended the motion be dismissed as untimely and, in an order entered January 10, 2018, the district judge adopted that recommendation, dismissed the motion as time-barred, denied a certificate of appealability, and closed the case. *Id.* ECF No. 81.

In the meantime, as indicated above, on or about September 28, 2017, Vann filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. She raises three grounds: (1) trial court did not have subject matter jurisdiction; (2) ineffective assistance of counsel for not filing a timely notice of appeal; (3) "revocation based on false statements"; and (4) "conviction obtained by violation of due process of law." *Id.* at 3-5.

On December 21, 2017, Respondent filed a motion to dismiss, with exhibits. ECF No. 8. Respondent asserts this Court lacks subject matter jurisdiction because remedy by § 2255 motion is adequate and effective to test the legality of Vann's detention. *Id.* at 4-5, 8. Respondent points out that Vann's claims are cognizable under § 2255, she did bring some of these claims in her § 2255 motion, and she cannot use the saving clause to

raise the claims in this court.  *Id.* at 7.

Petitioner Vann has filed a reply.  ECF No. 9.  Petitioner asserts her counsel never explained to her she had only one year to file a § 2255 motion.  *Id.*  She further asserts her "supervised release was revocated because of an apparent 'new conviction'; however [she] was never convicted of any new crime and therefore the revocation was without merit and needs to be addressed."  *Id.*

## **Analysis**

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were

Case 4:17-cv-00444-RH-CAS    Document 10    Filed 02/08/18    Page 6 of 10

Page **6** of **10**

generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28.  *See id.* at 212–14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of

Case No. 4:17cv444-RH/CAS

Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her § 2241 petition, Petitioner Vann challenges her conviction and sentence.  ECF No. 1.  To the extent this constitutes collateral attack on the validity of her federal conviction, it is properly brought under 28 U.S.C. § 2255 in the district of conviction, which in this case is the Southern District of Florida.  *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. *Accord* McCarthan, 851 F.3d at 1089.

Further, as Respondent indicates, § 2255(e) bars a § 2241 petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"  28 U.S.C. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081.  The italicized language, known as the "saving clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.  McCarthan, 851 F.3d at 1081-82 ("'[S]aving[, not savings,] is the precise word' for 'a

statutory provision exempting from coverage something that would otherwise be included' . . . ; it has nothing to do with saving a statute from unconstitutionality . . . ."). "The applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the saving clause. *Id.*; *accord* McCarthan, 851 F.3d at 1081.

In particular, in McCarthan, the Eleventh Circuit recently explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086-87; *see id.* at 1079-80, 1096-99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)). The Eleventh Circuit has determined that "[l]imiting the saving clause to claims that are

not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." *Id.* at 1092. The court explained that only a few circumstances exist where a § 2255 motion would prove inadequate or ineffective to test a petitioner's claim:

> The saving clause has meaning because not all claims can be remedied by section 2255. A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations. The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved. Or, as our sister circuit has held, perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner form filing a motion to vacate. "But only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"

*Id.* at 1092-93 (citations omitted). Here, Petitioner Vann has not shown entitlement to proceed under the saving clause because her claims are cognizable under § 2255.

Therefore, in this case, review under § 2241 is not available to the extent Petitioner Vann challenges the validity of her conviction. Further, Petitioner has not shown entitlement to review under the saving clause, to open the § 2241 portal. Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**